### In re ROBERT'S FURNITURE, INC., Debtor.

### Albert R. FINGERMAN, Trustee, Plaintiff,

v.

### Lorena FROST, Defendant.

### Bankruptcy No. 1-83-02312. Adv. No. 1-85-0246.

United States Bankruptcy Court, S.D. Ohio, W.D.

March 18, 1987.

See also, Bkrtcy., 70 B.R. 29.

Robert Goering, Cincinnati, Ohio, for debtor.

Albert Fingerman, Cincinnati, Ohio, Trustee.

## DECISION AND ORDER ON MOTION FOR LEAVE TO AMEND

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff, trustee in the related bankruptcy case, filed this suit against defendant to recover a preference. The suit was originally filed June 24, 1985. The complaint alleges that defendant was an insider, and that various transfers occurred within one year before the date of the filing of the petition in bankruptcy, and these transfers should be set aside. Defendant filed an answer to the complaint. A pretrial conference was held September 20, 1985. The file reflects no further activity until, on February 26, 1987, plaintiff filed a motion for leave to file an amended complaint.

The amended complaint adds some factual allegations regarding the preference claim. Where it significantly departs from the original complaint appears to be in paragraph 14 which says:

Any claim by the Defendant against the estate of the Debtor based upon monies allegedly owed by the Debtor to the Defendant arising from the Purchase Agreement and promissory note described in Paragraphs 8 and 9 would be disallowed, or would be subordinated to the claims of other creditors of the Debtor, pursuant to 11 U.S.C. Sec. 510.

The significance of this paragraph appears to be that it introduces an objection to the allowance of any claim which defendant might file in the case or, alternatively, to request that any such claim be subordinated to the claims of other creditors. It is difficult to understand what the plaintiff has in mind in this amendment, for it does not add another cause of action to the complaint, but appears to be introducing an objection to a claim which defendant may be asserting against the estate (though there is no allegation in the complaint that defendant has filed a proof of claim in the case).

Defendant opposes the motion for leave to amend, contending that such amendment is barred by the statute of limitations against the exercise by trustee of various avoiding powers as stated at 11 U.S.C. § 546. That statute prohibits initiation of an action by a trustee more than two years after his appointment. We do not find this ground for objection useful, for the new material in the amended complaint does not constitute the kind of action which is subject to the statute of limitations of 11 U.S.C. § 546.

The objection to filing the amended complaint is, however, sustained. The original complaint requires no amendment in order to make out plaintiff's cause of action with respect to the recovery of a preference. The new material in the amended complaint is in the nature of an objection to a claim, and it is inappropriate, certainly at this late date, to inject entirely new considerations into this long-delayed adversary proceeding.

So Ordered.